UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re　　　　　　　　　　　　　　　) 　Case No. 19-21640-B-11
　　　　　　　　　　　　　　　　　)
DEBORA LEIGH MILLER-ZURANICH, )
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Debtor(s).　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
_____)

**ORDER TO (1) FILE STATUS REPORT;
(2) ATTEND PRELIMINARY STATUS CONFERENCE; AND
(3) DISCLOSE SINGLE ASSET REAL ESTATE**

The following dates shall apply in this chapter 11 case:

Last date by which the debtor shall serve a copy of this order on the persons designated below: September 6, 2019.

Last date by which the debtor must declare whether the debtor holds, owns, or possesses any legal or equitable interest in single asset real estate (see 11 U.S.C. §§ 362(d)(3) & 101(51B)): September 13, 2019.

Last date by which the debtor shall file and serve a preliminary status report: September 20, 2019.

Preliminary chapter 11 status conference: October 8, 2019, at 2:00 p.m. If a preliminary status report is timely filed and is sufficiently detailed, the status conference may be continued 60 days.

CHAPTER 11 PRELIMINARY STATUS REPORT

**Service of this Order.** The debtor shall serve this order by the date stated above upon the following persons: (1) the United States trustee; (2) the holders of the 20 largest unsecured claims, excluding insiders; (3) all general partners, limited partners, or shareholders of the debtor; (4) all holders of secured claims; (5) all parties to executory contracts and unexpired leases; and (6) all parties that request special notice. If any of the foregoing persons is represented by an attorney known to the debtor, the attorney shall also be served

with this order. The debtor shall file a proof of service no later than three court days after service of this order.

**Service of the Preliminary Status Report.** The debtor shall, by the date set forth above, file a preliminary status report and serve it on the same persons served with this order.

**Contents of Preliminary Status Report.** The preliminary status report shall contain an overview of the case, including the following matters, under the following headings, and in the following order:

(1) <u>History of the Debtor</u>. The event(s) that caused the debtor to file the petition;
(2) <u>Type of Plan</u>. Whether the plan will be one of liquidation or reorganization;
(3) <u>Cramdown</u>. Whether the debtor intends to confirm the plan under 11 U.S.C. § 1129(a)(8) or 11 U.S.C. § 1129(b);
(4) <u>Valuation of Assets</u>. Whether the debtor anticipates any litigation concerning the valuation of assets;
(5) <u>Cash Collateral and Adequate Protection</u>. Whether the debtor anticipates any motions concerning cash collateral and adequate protection issues;
(6) <u>Adversary Proceedings</u>. Whether the debtor anticipates filing any adversary proceedings that will be necessary to confirm or implement a plan. The debtor shall include a general description of the underlying facts that will give rise to the proceeding as well as the bankruptcy code sections under which the proceedings will be filed and who the anticipated parties will be;
(7) <u>Environmental Issues</u>. Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;
(8) <u>Objections to Claims</u>. Whether the debtor will object to any claims, the number of objections that will be filed, and the aggregate amount of the disputed claims;
(9) <u>Post-confirmation Sale of Assets</u>. Whether the plan will include the post-confirmation sale of any assets that will require the involvement of the court;
(10) <u>Anticipated Professional Fees</u>. Listed by profession, name, and expected amount of compensation; and
(11) <u>Small Business Debtor</u>. Whether the debtor is a small business debtor and whether the debtor intends to ask that no committee of unsecured creditors be appointed. <u>See</u> 11 U.S.C. §§ 101(51C), 101(51D), 1102(a)(3), & 1121(e).

**Sanctions for Failure to Comply.** Failure to comply with this order may result in sanctions including dismissal, conversion, or the appointment of a trustee. Filing a preliminary status report with perfunctory conclusions and no meaningful factual detail does not comply with this order. The court expects to receive sufficient information to understand the financial problems which precipitated the filing of the petition, the debtor's anticipated plan of reorganization, and the types of contested matters and adversary proceedings that will likely be

filed. With this information, the court may set the deadlines described below and determine if it will give preliminarily approval of a disclosure statement without a hearing and give final approval of the disclosure statement at the hearing to confirm the plan. In appropriate circumstances, the court may also permit the plan and disclosure statement to be combined into one document.

## CHAPTER 11 PRELIMINARY STATUS CONFERENCE

The preliminary status conference will be held on the date set forth above, at the United States Bankruptcy Court, Robert T. Matsui U.S. Courthouse, 501 I Street, Sixth Floor, Courtroom 32, Sacramento, California. The debtor and counsel shall personally appear at this conference.

At the preliminary status conference, the court may enter orders and set deadlines as follows:

(1) <u>Combined Plan and Disclosure Statement</u>. If appropriate, the court may permit the debtor to combine the plan and disclosure statement into one document. In such a case, the court will preliminarily approve the disclosures contained in the combined document. After preliminary approval, the combined document may be served and set for a hearing to consider final approval of the disclosures and confirmation of the plan.

(2) <u>Preliminary Approval of Disclosure Statement</u>. If the court does not permit the plan and disclosure statement to be combined into one document, it may permit the debtor to obtain preliminary approval of a separate disclosure statement without a hearing. In such instances, after preliminary approval, the disclosure statement and plan may be served and set for a hearing to consider final approval of the disclosure statement and confirmation of the plan.

(3) <u>Date for Filing of the Plan and Disclosure Statement</u>. The court may set a deadline for the debtor's filing of a proposed disclosure statement and plan. The court anticipates that these documents will be filed in most cases within thirty to ninety days after the preliminary status conference.

(4) <u>Date of Hearing on the Disclosure Statement</u>. If the court will not preliminarily approve the disclosure statement, it may set a deadline for a hearing to consider approval of the disclosure statement.

(5) <u>Date of Hearing to Confirm the Plan</u>. A deadline may be set for confirmation of the plan and, if the court will preliminarily approve the disclosure statement, for final approval of the disclosure statement.

(6) <u>Executory Contracts</u>. The court may set a deadline for the debtor to accept or reject executory contracts and unexpired leases.

**Telephonic Appearances.** A party other than the debtor and the debtor's counsel may appear by telephone provided that the party makes the necessary arrangements with Court Call Conference

at (866) 582-6878 by 4:00 p.m. of the prior court day. Telephonic appearances are optional. A fee is charged by Court Conference for this service. That fee will be borne by the party electing to appear by telephone.

**Subsequent Status Conferences.** Counsel may file a status report one week before the date of a continued status conference. If the court is satisfied with the contents of the report, the status conference may be continued for a period to be determined by the court.

**Motions to Convert, etc., at the Preliminary Status Conference.** Any party may request at the preliminary status conference that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed, provided that a motion requesting such relief is filed and served on those persons entitled to notice (see Fed. R. Bankr. P. 2002(a)(4)) at least seven calendar days prior to the preliminary status conference. Opposition may be presented orally at the preliminary status conference.

DEBTOR'S DECLARATION CONCERNING SINGLE ASSET REAL ESTATE

The debtor shall file a declaration stating whether the debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. §101(51B), by the date set forth above.

A party in interest may contest the debtor's claim that it does or does not own "single asset real estate" by motion set for hearing in accordance with applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9014-1. Any response, as well as any reply, shall be served and filed in accordance with Local Bankruptcy Rule 9014-1. However, any motion contesting the debtor's declaration regarding single asset real estate shall be set for hearing by the objecting party on a date not more than 120 days after the date of the petition.

**Dated:** August 28, 2019

Christopher D. Jaime, Judge
United States Bankruptcy Court

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Peter L. Cianchetta
8788 Elk Grove Blvd. Ste. 2A
Elk Grove CA 95624

Robin S. Tubesing
2500 Tulare St #1401
Fresno CA 93721