*4*
Stuart B. Wolfe (SBN 156471)
sbwolfe@wolfewyman.com
Jonathan C. Cahill (SBN 287260)
jccahill@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 1750
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for
OCRE Investment Fund 1 LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBORA LEIGH MILLER-ZURANICH<br><br>Debtor and Debtor-in-Possession, | Case No.: 19-21640-B-11<br>Chapter 11<br>Hon. Christopher D. Jaime<br><br>Docket Control No.: WW-1<br><br>**EX PARTE APPLICATION FOR ORDER AUTHORIZING OCRE INVESTMENT FUND 1 LLC'S 2004 EXAMINATION OF DEBTOR DEBORA LEIGH MILLER-ZURANICH** |

OCRE INVESTMENT FUND 1 LLC, (hereinafter "OCRE") by and through its counsel of record, respectfully submits the following Ex Parte Application for Order Authorizing a Fed. R. Bank P. 2004 Examination of Debtor DEBORA LEIGH MILLER-ZURANICH (the "Application").

I. **INTRODUCTION**

OCRE respectfully request that the Court enter an order authorizing the examination of DEBORA LEIGH MILLER-ZURANICH ("Debtor") pursuant to Federal Rules of Bankruptcy Procedure ("Rule") 2004. OCRE seeks to subpoena Debtor to testify and produce documents related to the Debtor's assets, liabilities, financial condition, right to discharge, and operation of her business.

For the reasons set forth herein, the Court should enter an order allowing the examination of the Debtor pursuant to Rule 2004.

**II.  STATEMENT OF FACTS**

  **A.  LOAN HISTORY**

On or about August 28, 2018, Debtor executed a promissory note in the principal sum of $617,500.00 (the "Note"), which was made payable to OCRE.

The Note is secured by a deed of trust (the "Deed of Trust[1]") and assignment of rents encumbering the Subject Property. The Deed of Trust was duly recorded on August 31, 2018, in the Official Records of Alameda County, State of California.

  **B.  THE PRIOR BANKRUPTCY FILINGS**

On October 16, 2017, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 17-31036-HLB (the "First Bankruptcy").  The First Bankruptcy was dismissed on November 3, 2017, for failure to file required schedules and documents.

On September 18, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31023-HLB (the "Second Bankruptcy").  The Second Bankruptcy was dismissed on November 8, 2018, for failure to file required schedules and documents.

On November 20, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31252-HLB (the "Third Bankruptcy").  The Third Bankruptcy was dismissed on December 21, 2018, for failure to pay filing fees.

Debtor filed a fourth Chapter 13 in the Northern District of California- San Francisco Division on January 11, 2019, and was assigned case number 19-30034-HLB (the "Fourth

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan Documents"

EX PARTE APPLICAITON FOR DEBTOR'S EXAMINATION

Bankruptcy"). Again, Debtor was not represented by counsel and failed to file required documents. The Fourth Bankruptcy was therefore dismissed on January 28, 2019.

### C. THE CURRENT BANKRUPTCY

On March 18, 2019, Debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California – Sacramento Division, and was assigned Case No. 19-21640 (the "Current Bankruptcy"). The Currently Bankruptcy was converted to one under Chapter 11 of the Bankruptcy Code on July 3, 2019.

After conversion, the 341(a) Meeting of Creditors was held on August 8, 2019. Debtor and her counsel appeared, along with OCRE's counsel. However, it became apparent that Debtor was not able to discuss her financial records or condition in detail and was not prepared for the meeting. Accordingly, the U.S. Trustee continued the 341(a) Meeting of Creditors to August 22, 2019.

Despite these two 341(a) Meetings of Creditors, OCRE continues to receive conflicting information from the Debtor as to lease rate for the Property. Further, Debtor cannot account for the improvements done to the Property using, at least in part, OCRE's cash collateral. Indeed, despite providing a stipulation regarding use of cash collateral to Debtor's counsel, Debtor has failed to execute the same and continues to use OCRE's cash collateral without its consent and without a court order.

### III. ARGUMENT:

#### A. OCRE IS ENTITLED TO THE RELIEF SOUGHT

Rule 2004 states in pertinent part, "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Discovery thereunder includes conduct which relates "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Attendance at the examination and production of documents may be compelled by subpoena. Fed. R. Bankr. P. 2004(c). Rule 2004 allows for examination of any entity without a pending action of any kind, but generally not when an adversary proceeding provided for in Rules 7026-7037. *See In re Blinder, Robinson & Co.*, 127 B.R. 267, 275

(D. Colo. 1991); *see also, Collins v. Polk,* 115 F.R.D. 326, 328-29 (M.D. La. 1987); *In re Nixon Elec. Supply, Inc.,* 85 Bankr. 988, 989 (Bankr. W.D. Tex. 1988).

Here, OCRE seeks information relevant to the location, extent, and disposition of the Debtor's assets and liabilities. Further, OCRE seeks information relevant to leasing operations pertaining to the Property, improvements to the Property and funds used for the same, and the use of OCRE's cash collateral. An adversary proceeding has not been initiated under Rule 9014. Based on the foregoing, OCRE seeks an order allowing the examination of the Debtor and production of documents pursuant to Rule 2004.

**WHEREFORE**, OCRE respectfully requests:

1) That the Court grant this Application and issue an order authorizing the examination of the Debtor pursuant to Rule 2004;

2) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: September 18, 2019        WOLFE & WYMAN LLP

By: ___/s/ Jonathan C. Cahill___
STUART B. WOLFE
JONATHAN C. CAHILL

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SACRAMENTO       )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814.

On September 18, 2019, I served the document(s) described as **ORDER GRANTING EX PARTE APPLICATION FOR ORDER AUTHORIZING OCRE INVESTMENT FUND 1 LLC'S 2004 EXAMINATION OF DEBTOR DEBORA LEIGH MILLER-ZURANICH** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:
  ☐ **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
  ☐ **BY ELECTRONIC SERVICE** as follows: I, Name, whose e-mail address is Email@wolfewyman.com, caused such document(s) to be transmitted at time a.m./p.m. to the electronic mailing address of the addressee listed on the attached service list by use of electronic mail. The electronic service of the document(s) complied with California Rules of Court, Rule 2.251 in that it was pursuant to court order, local rule, stipulation of the parties or the consent of the addressee. A copy of the original document bearing original signatures will be available for inspection upon request per California Rules of Court, Rule 2.257. All addressees have been provided with the sender's electronic service address.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **FEDERAL** as follows: I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 18, 2019, at Sacramento, California.

_/s/ Beverley Tomlin-Hill_
Beverley Tomlin-Hill

3420086.1

**SERVICE LIST**
**U.S. District Bankruptcy Court of California – Sacramento Division**
**Case No.: 19-2160**
**DEBORA LEIGH MILLER-ZURANICH**
**W&W File No. 1760-006**
**[Revised: August 2019]**

| | |
|---|---|
| Deborah Leigh Miller-Zuranich<br>9369 Newington Way<br>Elk Grove, CA 95758 | Tel: (916) 952-0116<br>Email: |
| Peter L. Cianchetta<br>8788 Elk Grove Blvd., Suite 2A.<br>Elk Grove, CA 95624 | Tel: (916) 685-7878<br>Email: *plc@eqlaw.net* |
| Office of the U,S, Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Rm 7-500<br>Sacramento, CA 95814-7304 | |

3420086.1