*9*

Stuart B. Wolfe (SBN 156471)
*sbwolfe@wolfewyman.com*
Jonathan C. Cahill (SBN 287260)
*jccahill@wolfewyman.com*
**WOLFE & WYMAN LLP**
**980 9th Street, Suite 1750**
**Sacramento, California 95814**
**Telephone:  (916) 912-4700**
**Facsimile:  (916) 329-8905**

Attorneys for
**OCRE Investment Fund 1 LLC**

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No.: 19-21640-B-11 |
| | Chapter 11 |
| DEBORA LEIGH MILLER-ZURANICH | Hon. Christopher D. Jaime |
| Debtor and Debtor-in-Possession, | Docket Control No.: WW-2 |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE** |
| | **Hearing**:<br>Date:   October 8, 2019<br>Time:   2:00 p.m.<br>Ctrm: 7, 7th Floor |

OCRE INVESTMENT FUND 1 LLC, (hereinafter "OCRE") respectfully submits the following memorandum of points and authorities in support of its Motion to Convert or Dismiss Chapter 11 Bankruptcy Case.

### I.   INTRODUCTION

OCRE respectfully requests that the Court enter an order converting or dismissing the instant bankruptcy case filed by DEBORA LEIGH MILLER-ZURANICH ("Debtor") pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and

1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3459802.1

Rule 1017(a) of the Federal Rules of Bankruptcy Procedure. As discussed in detail below, Debtor has failed to file accurate bankruptcy schedules, failed to file monthly operating reports, is improperly utilizing cash collateral, and has failed to adhere to the Court's orders. Taken together, these severe issues constitute "cause" to convert or dismiss this case.

## II.    STATEMENT OF FACTS

### A.    LOAN HISTORY

On or about August 28, 2018, Debtor executed a promissory note in the principal sum of $617,500.00 (the "Note"), which was made payable to OCRE.

The Note is secured by a deed of trust (the "Deed of Trust[1]") and assignment of rents encumbering the real property located at 30 Merlin Court, Oakland, CA 94605 (the "Property"). The Deed of Trust was duly recorded on August 31, 2018, in the Official Records of Alameda County, State of California. (*See* Request for Judicial Notice ("RJN"), **Exhibit 1**)

### B.    THE PRIOR BANKRUPTCY FILINGS

On October 16, 2017, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 17-31036-HLB (the "First Bankruptcy"). The First Bankruptcy was dismissed on November 3, 2017, for failure to file required schedules and documents. (*See* Request for Judicial Notice ("RJN"), **Exhibit 2**)

On September 18, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31023-HLB (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on November 8, 2018, for failure to file required schedules and documents. (*See* Request for Judicial Notice ("RJN"), **Exhibit 3**)

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan Documents"

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE

3459802.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

On November 20, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31252-HLB (the "Third Bankruptcy"). The Third Bankruptcy was dismissed on December 21, 2018, for failure to pay filing fees. (*See* Request for Judicial Notice ("RJN"), **Exhibit 4**)

Debtor filed a fourth Chapter 13 in the Northern District of California- San Francisco Division on January 11, 2019, and was assigned case number 19-30034-HLB (the "Fourth Bankruptcy"). Again, Debtor was not represented by counsel and failed to file required documents. The Fourth Bankruptcy was therefore dismissed on January 28, 2019. (*See* Request for Judicial Notice ("RJN"), **Exhibit 5**)

## C. THE CURRENT BANKRUPTCY

On March 18, 2019, Debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California – Sacramento Division, and was assigned Case No. 19-21640 (the "Current Bankruptcy"). The Currently Bankruptcy was converted to one under Chapter 11 of the Bankruptcy Code on July 3, 2019.

After conversion, the 341(a) Meeting of Creditors was held on August 8, 2019. Debtor and her counsel appeared, along with OCRE's counsel. However, it became apparent that Debtor was not able to discuss her financial records or condition in detail and was not prepared for the meeting. Accordingly, the U.S. Trustee continued the 341(a) Meeting of Creditors to August 22, 2019. (See Declaration of Jonathan C. Cahill ("Cahill Decl."), ¶ 5, **Exhibit 6** at 17:4-25). Indeed, when asked about basic information about the Property such as the lease term and monthly due date, deposit, or if the tenants were current on payments, Debtor had no information. (Cahill Decl., ¶ 5, **Exhibit 6** at 15:11-22).

Despite these two 341(a) Meetings of Creditors, OCRE continues to receive conflicting information from the Debtor as to lease rate for the Property. (Cahill Decl., ¶ 6, **Exhibit 7** at 14:12-17; **Exhibit 8**). Further, Debtor cannot account for the improvements done to the Property using, at least in part, OCRE's cash collateral. Indeed, despite providing a stipulation regarding use of cash

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

collateral to Debtor's counsel, Debtor has failed to execute the same and continues to use OCRE's

cash collateral without its consent and without a court order.  (Cahill Decl., ¶ 2).

**III.    ARGUMENT:**

**A.    DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED OR CONVERTED PURSUANT TO 11 U.S.C. § 1112**

     **1.    Legal Standard.**

Section 1112 of the Bankruptcy Code provides, in pertinent part:

> ...on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court *shall*[2] convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes *cause*.

11 U.S.C. § 1112(b)(1)(emphasis added). A movant bears the burden of establishing by preponderance of the evidence that cause exists to convert the case from chapter 11 to chapter 7, or to dismiss the case, whichever is in the best interest of creditors and the estate. *In re Labankoff*, 2010 WL 6259969 (9th Cir. BAP 2010)(citing *In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr.D.N.H. 2008)). Once "cause" is established, the burden shifts to the party opposing conversion. *Id.* (citing *In re Orbit Petroleum*, 396 B.R. 145, 148 (Bankr.D.N.M 2008)("Once 'cause' has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies 'unusual circumstances that establish that such relief is not in the best interest of creditors and the estate.'")).

     **2.    Cause Exists to Dismiss or Convert this Case.**

Subsection (b)(4) of section 1112 sets forth a non-exclusive list of examples of cause including, among other things, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the estate," "unexcused failure to

---

[2] The statute's use of the term "shall" creates an obligation impervious to judicial discretion. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)(citation omitted); *see also In re A Partners, LLC*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006)(citing *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001)("The term 'shall' is ordinarily 'the language of command.'").

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

1  satisfy timely any filing or reporting requirement established by this title or by any rule applicable to

2  a case under this chapter," "unauthorized use of cash collateral substantially harmful to 1 or more

3  creditors" and "failure to comply with an order of the court." 11 U.S.C. § 1112(b)(4)(A)-(F). Several

4  of these examples are applicable in this case, as explained below.

5       a.      *Unauthorized Use of Cash Collateral*

6       As discussed above, OCRE's Deed of Trust contains an Assignment of Rents, making any

7  rents and profits generated by the Property cash collateral.  (RJN, **Exhibit 1**).  Debtor is well aware

8  of this fact.  Indeed, a proposed stipulation for the use of this cash collateral, as well as a motion to

9  approve the same, was supplied to Debtor's counsel on August 21, 2019. (Cahill Decl., ¶ 2).  The

10  instant case was converted to one under Chapter 11 of the Bankruptcy Code on July 3, 2019.

11  Despite this, the Debtor continued to collect rent from the Property, and then allegedly used said rent

12  to make improvements to the Property.  (Cahill Decl., ¶ 6, **Exhibit 8**).  However, when pressed, the

13  Debtor cannot produce any receipts or evidence of improvements made to the Property.  (Cahill

14  Decl., ¶ 6, **Exhibit 7** at 10:7-24). These violations continue to this day.  Indeed, despite providing a

15  stipulation regarding use of cash collateral to Debtor's counsel, Debtor has failed to execute the

16  same and continues to use OCRE's cash collateral without its consent and without a court order.

17  (Cahill Decl., ¶¶ 2, 3).  Accordingly, this unauthorized use of OCRE's cash collateral constitutes

18  'cause' for the conversion or dismissal of this case.

19       b.      *Failure to Comply with an Order of the Court*

20       On August 28, 2019, the Court issued an Order to: (1) File Status Report; (2) Attend

21  Preliminary Status Conference; and (3) Disclose Single Asset Real Estate (the "Scheduling Order").

22  (Docket No. 93).  However, the Debtor has altogether failed to comply with any of the requirements

23  set forth in the Scheduling Order.

24       First, the Scheduling Order required the Debtor to serve a copy of said order upon certain

25  identified creditors and the United States Trustee, and to file a proof of service no later than

26  September 6, 2019.  (Docket No. 93 at 1:14-16).  Debtor failed to do so.

27       Second, the Scheduling Order requires the Debtor to file a declaration stating whether she

28

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

1 | has any legal or equitable interest in "single asset" real estate as defined in 11 U.S.C. Section

2 | 101(51B) by September 13, 2019. (Docket No. 93 at 1:16-18). Debtor failed to do so.

3 | Third, the Scheduling Order requires the Debtor to file a detailed Preliminary Status Report

4 | by September 20, 2019. (Docket No. 93 at 1:18-20). The Debtor has failed to do so.

5 | In fact, the Debtor has not complied with *any* provisions of the Scheduling Order. Indeed, the

6 | Scheduling Order explicitly warns the Debtor that sanctions for failure to comply with its terms may

7 | include dismissal, conversion, or appointment of a trustee. Accordingly, these numerous violations

8 | of the Court's Scheduling Order each constitute 'cause' for the conversion or dismissal of this case.

9 |     *c.*    <u>*Loss to or Diminution of the Estate*</u>

10 | Debtor is no closer to reorganizing her debts today than she was at the time she filed her

11 | petition. In fact, the record reflects that Debtor may be worse off today than she was at the time she

12 | filed this case.

13 | Courts recognize that the purpose of section 1112(b) is to preserve estate assets by preventing

14 | the debtor in possession from gambling on the enterprise at the creditors' expense when there is no

15 | hope of rehabilitation. *See In re Loop Corp.*, 379 F.3d 511, 516 (8th Cir. 2004). This is precisely what

16 | Debtor is doing in this case. She has demonstrated that she does not have the requisite knowledge or

17 | expertise to effectuate a reorganization in this case. Indeed, the initial 341(a) Meeting of Creditors

18 | was continued because Debtor could not answer basic questions regarding the financial condition of

19 | the estate. Further, her stated desire in this case is to sell the Property, which can be done efficiently

20 | by a trustee in a chapter 7 case.

21 | Put simply, Debtor's delay and tenuous grasp on the finances of the estate has caused a

22 | diminution in said estate – both by virtue of the expenses Debtor has incurred and the reduction of any

23 | equity in the Property due to OCRE' increased claim. Since Debtor has otherwise failed to demonstrate

24 | a "reasonable likelihood of rehabilitation," dismissal or conversion is appropriate under section

25 | 1112(b)(4)(A).

26 | ///

27 | ///

28 |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

6

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

3459802.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

   *d.*   <u>*Gross Mismanagement*</u>

Debtor is a debtor-in-possession[3] of her chapter 11 estate. In this capacity, she owes fiduciary duties to her creditors and is obligated to follow the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 1107(a); *see e.g., Thompson v. Margen (In re McConville),* 110 F.3d 47, 50 (9th Cir.1997) (stating that chapter 11 debtors in possession "were fiduciaries of their own estate owing a duty of care and loyalty to the estate's creditors"), *cert. denied,* 522 U.S. 966 (1997); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson),* 839 F.2d 610, 614 (9th Cir.1988) ("As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors.") (footnote omitted); *Devers v. Bank of Sheridan, Montana (In re Devers),* 759 F.2d 751, 754 (9th Cir.1985) ("A debtor-in-possession has the duty to protect and conserve property in his possession for the benefit of creditors.").

The record in this case reflects that Debtor has failed in the exercise of her fiduciary duties. Significantly, Debtor's bankruptcy schedules, filed under penalty of perjury, are inaccurate. First, Debtor does not disclose the lease of the Property in Schedule G. (Docket No. 31). Second, Debtor does not disclose any income from the Property on Schedule I, Section 8(a), despite admitting it is rented and producing income.[4] (Docket No. 31). Third, Debtor does not disclose any expenses associated with the Property on Schedule J, Section 20. (Docket No. 31). Indeed, Schedule I does not even appear complete, as net income is not calculated. (Docket No. 31). Debtor's Statement of Financial Affairs also do not disclose the transfer of the Property from the Debtor into a trust in 2018. (Docket No. 31; Cahill Decl., ¶ 6, **Exhibit 7** at 23:20-25). Despite this, the Debtor confirmed, under oath, that none of these schedules needed to be amended. (Cahill Decl., ¶ 5, **Exhibit 6** at 4:24-25; 5:1-

---

[3] The Bankruptcy Code defines a "debtor-in-possession" as the "person…concerning which a case under [the Bankruptcy Code] has been commenced. *See* 11 U.S.C. §§ 101(13), 1101(1).

[4] While the Debtor does disclose $3,100 in income year to date prior to filing the Petition on her Statement of Financial Affairs, this figure does not appear anywhere else in her Schedules. Further, this figure does not appear accurate as three months of $3,300 (or $3,455 as conflicting figures have been provided) would have been collected in the year 2019 prior to the filing of the Petition on March 18, 2019.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

6). Finally, Debtor has been utilizing OCRE's cash collateral without permission or court order. (Cahill Decl., ¶¶ 2, 3). As a consequence, this case should be converted dismissed pursuant to section 1112(b)(4)(B).

### e.  *Failure to File Operating Reports*

A debtor-in-possession is required to perform the duties of a trustee specified in section 704(a)(8) of the Bankruptcy Code, which mandates the filing of periodic operating reports and summaries and such other information as the United States Trustee ("UST") or court requires if the business of the debtor is authorized to be operated. 11 U.S.C. §§ 704(a)(8), 1106(a)(1). The UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill. In this district, the UST requires a debtor-in-possession to complete monthly operating reports on a calendar monthly basis and to submit the report within fourteen days of the close of the period covered by the report.[5]

The record reflects that Debtor has failed to file any operating reports in this case. Debtor's failure to file timely operating reports constitutes "cause" to dismiss or convert this case under section 1112(b)(4)(F).

### f.  *Bad Faith*

In addition to the examples of "cause" enumerated in section 1112, Debtor's bad faith constitutes "cause" for dismissal or conversion. While section 1112(b) "does not explicitly require that cases be filed in 'good faith,' courts have overwhelmingly held that a lack of good faith in filing a [c]hapter 11 petition establishes cause for dismissal." *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir. 1994) (citations omitted). The determination of whether a chapter 11 case was filed in

---

[5] U.S. Department of Justice, Office of the United States Trustee, Eastern District of California, "Monthly Operating Report Instructions (Small Real Estate/Individual Case)," *available at* https://www.justice.gov/sites/default/files/ust-regions/legacy/2013/12/05/Instructions_for_the_Small_Real_Estate_Individual_Case.pdf

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

3459802.1

1  good faith "depends on an amalgam of factors and not upon a specific fact." *In re Marsch,* 36 F.3d

2  825, 828 (9th Cir. 1994) (citation omitted). "The test is whether a debtor is attempting to unreasonably

3  deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis."

4  *Id.* (citation omitted). Consideration of any specific factor is unnecessary. *Id.* (citation omitted).

5  Instead, courts may consider any factors which evidence "an intent to abuse the judicial process and

6  the purposes of the reorganization provisions." *Id.* (citation omitted). The ultimate determination of

7  whether a chapter 11 case was filed in good faith is "based on the totality of the circumstances." *Id.*

8  *(*citing *In re Sylmar Plaza, L.P.,* 314 F.3d 1070, 1074 (9th Cir.2002)).

9          The totality of the circumstances in this case supports a finding that Debtor's petition was filed

10  in bad faith. Indeed, it appears that Debtor's sole purpose for filing this case was to obtain the benefit

11  of the automatic stay to enable her to retain the Property and, at the same time, retain rental proceeds

12  from real property while failing to pay secured creditors or turn over cash collateral. Debtor has not

13  made a single payment on OCRE's Loan since it was originated, despite leasing out the Property the

14  entire time. When OCRE began foreclosure proceedings, Debtor filed four unsuccessful bankruptcy

15  cases in an effort to frustrate OCRE's efforts. In the current case, Debtor continued to lease out the

16  Property, use cash collateral without permission or order of the Court, has failed to comply with orders

17  of the Court, and has failed to file accurate and complete bankruptcy schedules.

18          Put simply, Debtor has not made an attempt to effect a reorganization, much less a speedy and

19  efficient one. In short, Debtor's actions in this case evidence an intent to abuse the judicial process

20  and purpose of chapter 11. For this reason, the case should be dismissed under section 1112.

21  **B.      CONVERSION IS IN THE BEST INTEREST OF DEBTOR'S CREDITORS**

22          Once a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1)

23  decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best

24  interests of creditors and the estate; and, (2) identify whether there are unusual circumstances that

25  establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Khan*,

26  2012 WL 2043074 (9th Cir. BAP 2012) (citing 11 U.S.C. § 1112(b)(1), (b)(2); *In re Prod. Int'l Co.,*

27  395 B.R. 101, 107 (Bankr.D.Ariz.2008)). When deciding between dismissal and conversion under

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR
DISMISS CHAPTER 11 BANKRUPTCY CASE

3459802.1

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

section 1112(b), "the court must consider the interests of *all* of the creditors." *In re Owens*, 552 F.3d 958, 961 (9th Cir. 2009) (emphasis added)(citing *Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 243 (4th Cir.1994)). Ultimately, the determination between conversion and dismissal is a matter for sound judicial discretion. 5 L. King, *Collier on Bankruptcy* ¶ 112.03[2][d] (15th ed. 1992).

As far as OCRE is concerned, the conversion of this case would be in its best interest, as a chapter 7 trustee may quickly and efficiently sell the Property and realize the equity in the same. Indeed, conversion is also in the best interest of Debtor's remaining creditors. Notably, Debtor's sworn bankruptcy schedules reflect that there is equity in the Property. If the case is converted to a chapter 7, the trustee could sell the Property and use the proceeds to pay all of Debtor's unsecured creditors. In light of the foregoing, conversion is in the best interest of Debtor's creditors.

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, this case should be converted, or alternatively, dismissed.

**WHEREFORE**, OCRE respectfully request:

1. That the Court convert this case to one under Chapter 7 of the Bankruptcy Code;

2. Alternatively, that the Court grant this motion and dismiss Debtor's case *with prejudice*;

3. Reasonable attorneys' fees and costs; and

4. Such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: September 30, 2019        WOLFE & WYMAN LLP

By:      */s/ Jonathan C. Cahill*
          STUART B. WOLFE
          JONATHAN C. CAHILL

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

3459802.1

**PROOF OF SERVICE**

1

**STATE OF CALIFORNIA**                    )
                                                          )        ss.
**COUNTY OF SACRAMENTO**              )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814.

On September 30, 2019, I served the document(s) described as **MEMMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒    **BY MAIL**: as follows:
☐        **STATE** - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐    **BY ELECTRONIC SERVICE** as follows: I, Name, whose e-mail address is Email@wolfewyman.com, caused such document(s) to be transmitted at time a.m./p.m. to the electronic mailing address of the addressee listed on the attached service list by use of electronic mail. The electronic service of the document(s) complied with California Rules of Court, Rule 2.251 in that it was pursuant to court order, local rule, stipulation of the parties or the consent of the addressee. A copy of the original document bearing original signatures will be available for inspection upon request per California Rules of Court, Rule 2.257. All addressees have been provided with the sender's electronic service address.

☒    **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants in this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐    **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐    **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒    **FEDERAL** as follows: I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on September 30, 2019, at Sacramento, California.

Beverley Tomlin-Hill

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3459802.1

SERVICE LIST
**U.S. District Bankruptcy Court of California – Sacramento Division**
**Case No.: 19-2160**
**DEBORA LEIGH MILLER-ZURANICH**
**W&W File No. 1760-006**
**[Revised: August 2019]**

Deborah Leigh Miller-Zuranich          Tel:  (916) 952-0116
9369 Newington Way                     Email:
Elk Grove, CA 95758


Peter L. Cianchetta                    Tel: (916) 685-7878
8788 Elk Grove Blvd., Suite 2A.        Email: *plc@eqlaw.net*
Elk Grove, CA 95624

Office of the U,S, Trustee
Cameron Gulden
300 Booth Street, #3009
Reno, NV 89509

Office of the United States Trustee
2500 Tulare Avenue, #1401
Fresno, CA 93721
Attn:  Robin Tubesing


**Creditors:**

Crystal Shores East Association
P.O. Box 5311
Incline Villae, NV 89450

LVNV Funding, LLC
Resurgent Capital Services
P.O. HBox 10587
Greenville, SC 29603-0587

Washoe County Treasurer
P.O. Box 30039
Reno, NV 89520-3039

Internal Revenue Services
4330 Watt Avenue, SA-5210
Sacramento, CA 95821
Attn:  Insolvency, Group 3

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3459802.1

**SERVICE LIST**
**U.S. District Bankruptcy Court of California – Sacramento Division**
**Case No.: 19-2160**
**DEBORA LEIGH MILLER-ZURANICH**
**W&W File No. 1760-006**
**[Revised: August 2019]**

**SERVICE LIST**

**Creditor's cont'd**

Hall of Mortgage Fund LLC
6200 E. Canyon Rim Road
Anaheim Hills, CA 92807

Joseph J. Miller Trust
9369 Newington Way
Elk Grove, CA 95758

Select Portfolio Services
P.O. Box 65250
Salt Lake City, UT 84165-0250

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT OR DISMISS CHAPTER 11 BANKRUPTCY CASE**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3459802.1