*7 PAGES*

Dean T. Kirby, Jr.    090114
Roberta S. Robinson 099035
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101-5393
Telephone: (619) 685-4000
Facsimile:  (619) 685-4004

Attorneys for Creditor
Hall Mortgage Fund, LP

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBORA LEIGH<br>MILLER - ZURANICH<br><br>Debtor. | Case No.    19-21640<br><br>Chapter 13<br><br>DCN:  DTK-1<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE WITH 180 DAY BAR TO RE-FILING<br><br>DATE:         October 8, 2019<br><br>TIME:          2:00 p.m.<br><br>DEPARTMENT B<br>COURTROOM 32<br>Hon. Christopher D. Jaime |

1
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

This Motion to Dismiss is filed on behalf of Hall Mortgage Fund, LP, the holder of a first trust deed encumbering a vacation condominium located at 549 Lakeshore Blvd, Incline Village, Nevada. It is noticed to be heard at the Preliminary Status Conference, scheduled for October 8, 2019, as authorized by the Court's Order entered August 28, 2019 (Docket No. 93). It is made on two sufficient and independent grounds:

- This chapter 11 case is being prosecuted in bad faith. The Debtor has invoked the automatic stay to delay foreclosure *on property that she and her attorney know that she does not own*. Title to the Incline Village property is held by a family trust formed by the Debtor's late father. The Debtor is only one of the four trust beneficiaries. The Debtor's attorney, on the very first day that he appeared in this case, amended Schedule A to falsely state that the Debtor owns this property in "Fee Simple."

- The Debtor has failed to abide by orders of the Court within the meaning of 11 U.S.C. §109(g)(1). As to this, Hall Mortgage joins in the motion filed by OCRE Investment Fund 1, but requests relief in the form of dismissal and not conversion to chapter 7.

## II. STATEMENT OF FACTS

Hall Mortgage loan has been in default for failure to make any payments beginning in June, 2017. The Declaration of Ronda McNeff, filed herewith, sets out in detail how the Debtor filed a series of four chapter 13 bankruptcy petitions within the space of a year, in order to thwart foreclosure. Hall Mortgage requests that the Court

take judicial notice of the dockets in the earlier cases. (Request for Judicial Notice filed herewith ("RJN") Exhs 1-4):

| District / Case No. | Date Filed | Date Dismissed | Comments |
|---|---|---|---|
| N.D. Cal. 18-31023 | 9/18/18 | 11/8/18 | Filed one day before the scheduled Hall Mortgage trustee's sale |
| N.D. Cal. 18-31252 | 11/20/18 | 12/21/18 | Filed 13 minutes before the Hall Mortgage Trustee's sale, making it necessary to rescind the completed sale |
| N.D. Cal. 19-30034 | 1/11/19 | 1/28/19 | |
| E.D. Cal. 19-21640 | 3/18/19 | Pending After Conversion to Chapter 11 | Filed the day of the scheduled Hall Mortgage trustee's sale. |

Copies of the Hall Mortgage note and trust deed are attached as Exhibits 1 and 2 to the McNeff Declaration. Each are executed by "Debora L. Miller, Successor Trustee of the Joseph J. Miller Living Trust."(Note, Exh 1 p. 4; Trust Deed Exh 2 p. 15). Joseph J. Miller, the Debtor's father, died on September 7, 2012. The vesting deed for the Incline Village property (RJN Exh. 5) also shows the owner to be the Joseph J. Miller Living Trust.

The McNeff Declaration states in detail the problems encountered by Hall Mortgage in attempting to foreclose its deed of trust in the face of constant chapter 13 filings. Even though 11 U.S.C. § 362(c)(4) provides that there is no automatic stay at all in the case of a third serial filing, Hall Mortgage could not locate a foreclosure trustee which was actually willing to apply the law and complete the foreclosure.

/ / /

/ / /

The instant case fits the criteria for the entry of an "in rem" stay relief order as provided for in 11 U.S.C. § 362(d)(4)(B). Hall Mortgage was prepared to go forward with that motion shortly after the latest petition was filed. As set forth the McNeff declaration, Hall Mortgage was dissuaded from doing so after being contacted by one of the Miller siblings, who had opened an escrow for the sale of the property by the Joseph J. Miller Trust. By the time that it became clear that the sale would never occur, the Debtor had obtained an order in this latest case reinstating the automatic stay.

In connection with the purported sale of the property out of the Trust, Hall Mortgage received a copy of what it believes is the last amendment to the Joseph J. Miller Trust, executed on June 2, 2012, three months before Joseph Miller's death (McNeff Decl Exh 3). This Amendment provides in part:

> 14.  My real property located at 549 Lakeshore Boulevard, Unit 29 in Incline Village, Nevada . . . shall be retained in a Sub-Trust named the Tahoe Sub-Trust. The assets shall be retained in the Tahoe Sub-Trust subject to any encumbrances thereon and the Trustee may rent the assets to produce income. The Tahoe Sub-Trust will be governed by the provisions set forth in the Joseph J. Miller Living Trust dated October 8, 2007 as amended, except that *the Tahoe Sub-Trust will distribute fifteen years after my date of death in equal shares to my four children* by right of representation: Kimberley Miller, Debora Miller, Beverley Sopak and John Miller.

*Under the terms of the Joseph J. Miller Trust, the Incline Village property thus cannot be distributed to beneficiaries until the year 2027, at which time each of the Miller siblings would have an equal share.*

*///*

*///*

*///*

Schedule A/B filed by the Debtor in propria persona on May 5, 2019 (Docket No. 31) at the commencement of this case, lists the Incline Village property and states that the "nature of your ownership interest" is "Trustee of the Joseph J. Miller Trust." That is consistent with the recorded vesting deed (RJN Exh 4) and the Hall Mortgage loan documents. Schedule A Part 9, item 23 answers the question "Do you own or control property that someone else owns?" by stating "Yes" and referring to the "condo located on Lake Tahoe" as owned by the Joseph J. Miller Trust."

On May 29, 2019, Mr. Cianchetta filed a substitution of attorney, appearing as counsel for the Debtor. On that same day, he submitted an amendment to Schedule A (Docket No. 46) which changed the information shown for the Incline Village property. Mr. Cianchetta omitted from the amended Schedules any reference to the Joseph J. Miller Trust (other than showing the Trust as a "Co-Debtor" on Schedule H). Amended Schedule A now falsely states that the Incline Village property is owned by the Debtor in "Fee Simple." Schedule A Part 9 Item 23 answers the question "Do you own or control property that someone else owns?" by stating "No." Hall Mortgage is not aware of any change in title to the Incline Village property. As indicated by the trust documents, the property could not have been distributed by the Joseph J. Miller Trust to the Debtor in "Fee Simple."

It appears that this amendment to Schedule A, prepared and signed by Mr. Cianchetta, was a falsehood intended to wrongly invoke the automatic stay.

/ / /

/ / /

/ / /

/ / /

## III. A DISMISSAL ORDER SHOULD INCLUDE A FINDING THAT THE CHAPTER 11 CASE WAS PROSECUTED IN BAD FAITH

This case is the last in a series of four bankruptcy cases, all commenced under chapter 13 within the space of a year. Each of the previous three cases were summarily dismissed for failure to appear. The timing of these filings and the failure to prosecute them, as well as communications by the Miller family made directly to the foreclosure trustee, indicate that the purpose of these petitions was simply to delay foreclosures on property owned by the Joseph J. Miller Trust. Property held by a trust as to which the Debtor is the trustee, where the Debtor has no power to revoke the trust, is not property of the bankruptcy estate. See, *In re Unicom Computer Corp.,* 13 F.3d 321, 324 (9th Cir. 1994). Family trusts are not themselves eligible for bankruptcy relief. See, *In re Sung Soo Rim Irrevocable Intervivos Tr.,* 177 B.R. 673, 674 (Bankr. C.D. Cal. 1995).

The Debtor, who filed this series of bad faith chapter 13 petitions in propria persona, may not have understood that the property owned by the Joseph J. Miller Trust was not protected by those bankruptcy filings. The Debtor's new attorney clearly did understand, which is why he caused Schedule A to be amended to state falsely that the Debtor owned the Incline Village property in fee simple.

The Schedules filed in this case list no unsecured creditors. In any event it appears that a chapter 7 trustee would not have the power to sell either the Incline Village property which is the Hall Mortgage collateral, or the Merlin Court property, which is subject to the OCRE trust deed.

/ / /

/ / /

Hall Mortgage frankly expects that this case will be dismissed for failure to follow court rules, as exhaustively set forth in a motion filed yesterday on behalf of OCRE Investment Fund. There is no reason to recapitulate those violations here. Hall Mortgage decided to add its own motion so that the facts with respect to the Joseph J. Miller Trust will be included in the record. Hall Mortgage urges the Court to find that this case was filed and prosecuted in bad faith to prevent foreclosure on property owned by the Joseph J. Miller Trust. Hall Mortgage also wishes to state its intention, on the record, to seek sanctions against the Debtor and against any lawyer who would file a frivolous appeal of the dismissal order, or would file yet another abusive bankruptcy petition.

DATE:　　　October 1, 2019　　　　　　　KIRBY & McGUINN, A P.C.

By:　/s/ Dean T. Kirby, Jr.
Dean T. Kirby, Jr.
Attorneys for Creditor
Hall Mortgage Fund, LP