**5**

Peter Cianchetta - SBN: 220971
**Cianchetta and Associates**
8788 Elk Grove Blvd. Ste. 2A
Elk Grove, CA 95624
Ph: 916-685-7878
E-mail: plc@eglaw.net

Attorney for Debora Leigh Miller-Zuranich

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 2019-21640 |
| Debora Leigh Miller-Zuranich | DCN: PLC-08 |
| , Debtors | Hearing Date: November 5, 2019 |
| | Hearing Time: 9:30 AM |
| | Hon. Christopher D. Jaime |
| | Courtroom 32 - Dept B |

## MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7

Debora Miller-Zuranich (hereinafter "Movant"), by and through her attorney of record, hereby moves the Court for reconsideration of its ruling on the Motion to Convert to Chapter 7 where the Court converted this case from Chapter 11 to Chapter 7. Plaintiff's request in made pursuant FRCP §9024.

1. On October 9, 2019 this Court granted Creditor's Motion to Convert at the Initial Status Conference.

2. Movant requests the court reconsider and deny the motion to convert to chapter 7 and allow the Debtor to continue as Debtor in Possession in the Chapter 11 case.

**LEGAL ARGUMENT**

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60(b) which allows a final judgment to be vacated on the basis of "*mistake, inadvertence, surprise, or excusable neglect*" Fed. R. Civ. Proc. 60(b)(1), or for "*any other reason that justifies relief.*" Fed. R. Civ. Proc. 60(b)(6). A motion to vacate under Rule 60(b)(1) must be brought within a year of the judgment being entered—a deadline easily met in this case as this motion is brought within 10 days of the missed deadline.

A motion under Rule 60(b)(6) is subject to no hard and fast deadline; the motion must simply be "*made within a reasonable time,*" Fed. R. Civ. Proc. 60(c)(1), 10 days should be sufficiently timely in this case.

The judgment in this case is the result of the mistake, inadvertence and neglect on the part of the undersigned, and therefore should be "excusable neglect." As set forth in the declaration of the undersigned, the Debtor was not prepared to defend the motion to convert because Creditor's Counsel informed the undersigned that the motion would not be heard on the date of the status conference, that it would be moved to October 22, 2019 and according to the discussion Creditor's Counsel had with Judge Jaime's clerk that Judge Jaime was considering removing the portion of the order scheduling the initial status conference that

allows motions to dismiss to be heard.  Had Debtor had the opportunity to prepare, Debtor would have prepared a response setting forth adequate responses to the motion to convert.

*"[T]he Supreme Court has made clear, excusable neglect covers cases of negligence, carelessness and inadvertent mistake and that it is a general equitable rule, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.*" <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,</u> 507 U.S. 380, 395 (1993).  The factors recited in Pioneer were not exclusive, but that they "*provide a framework with which to determine whether missing a filing deadline constitutes excusable neglect.*" <u>Bateman v. US Postal Service</u>, 231 F. 3d 1220 (9th. Cir 2000).

The Equitable analysis laid out in <u>*Pioneer*</u> and <u>*Bateman*</u> include: the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

### THE DANGER OF PREJUDICE TO DEBTOR

In the instant case, Debtor is the moving party and the prejudice to the Debtor is great. Debtor filed the instant case to save the Lake Tahoe condo for herself and her co-owners, her siblings and sell the Oakland Property.  Conversion will likely result in liquidation of both properties at a substantial financial loss to Debtor including Trustee Fees.  Debtor is ready to file a plan which includes the refinancing of the Tahoe Property and sale of the Oakland Property.  Debtor has a Buyer ready to make an offer on the Oakland Property and Debtor's siblings are ready to refinance the Tahoe Property after paying the delinquent Taxes and HOA

fees. Debtor's Declaration and Exhibits support the reconsideration and demonstrate that the

Debtor has a viable Plan to conclude the Chapter 13 in a short period of time. Additionally, it

should be noted that the Debtor only has a small Priority Internal Revenue Tax debt and a few

small credit cards, less than $2,000.00 in unsecured debt.

### THE LENGTH OF THE DELAY AND ITS POTENTIAL
### IMPACT ON JUDICIAL PROCEEDINGS

There has been no delay in bringing this motion, it is brought within 10 days of the

Order converting the case to Chapter 7.

### THE REASON FOR THE DELAY, INCLUDING WHETHER IT WAS WITHIN THE
### REASONABLE CONTROL OF THE MOVANT

The delay in not responding to the Motion to Dismiss was caused by the detrimental

reliance on the part of the Undersigned in believing the telephone conversation where

Creditor's counsel's representation that the Motion to Convert would be heard on October 22,

allowing time to prepare a response. Had the undersigned not been led to believe the Motion

to Convert was moved to October 22, 2019, the undersigned would have prepared a detailed

response. The Undersigned was not present but to another contested matter in State Court in

Stockton and therefore Associate Attorney Lauro Feliciano appeared for the firm. Although

prepared for the Status Conference he was not prepared for the Motion to Dismiss because he

was told by the undersigned that was moved to October 22, 2019.

### WHETHER THE MOVANT ACTED IN GOOD FAITH

The Movant acted in good faith as demonstrated by working diligently to prosecute this

case. The Movant, Debtor has worked to secure re-financing of the Lake Tahoe property,

worked out a plan whereby her sibling will bring the taxes and home owner association fees

current. The Debtor's realtor has been pre-marketing the Oakland Property anticipating

employment and listing the property for sale.  Movant attempted to employ the realtor on an order shortening time, however this court denied the application and therefore Debtor set the motion on full notice, that motion was denied on the same day as the Conversion.

WHEREFORE, Petitioner herein respectfully request that this Court reconsider its Order Converting the Case to one under chapter 7.


Date:  October 21, 2019                    **CIANCHETTA AND ASSOCIATES**

                                            _/s/ Peter Cianchetta_____
                                           Peter Cianchetta, Attorney for
                                           \Debora Miller-Zuranich