7
Stuart B. Wolfe (SBN 156471)
sbwolfe@wolfewyman.com
Jonathan C. Cahill (SBN 287260)
jccahill@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 1750
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for
OCRE Investment Fund 1 LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBORA LEIGH MILLER-ZURANICH<br><br>Debtor, | Case No.: 19-21640-B-11<br>Chapter 7<br>Hon. Christopher D. Jaime<br><br>Docket Control No.: PLC-08<br><br>**OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7**<br><br>**Hearing**:<br>Date: November 5, 2019<br>Time: 9:30 AM<br>Ctrm: 32 |

OCRE INVESTMENT FUND 1 LLC, (hereinafter "OCRE") respectfully submits the following Opposition ("Opposition") to DEBORA LEIGH MILLER-ZURANICH's ("Debtor") Motion to Reconsider Hearing on Motion to Convert to Chapter 7 ("Motion to Reconsider").

## I. INTRODUCTION

OCRE respectfully requests that the Court deny the Motion to Reconsider filed by Debtor. As discussed in detail below, Debtor's Motion to Reconsider is devoid of any factual or legal argument that would necessitate vacating the order on OCRE's Motion to Convert. As Debtor's Motion to Reconsider is a clear attempt at a 'second bite at the apple' and raises no new facts or law that would

1

support vacating the order on the Motion to Convert, the Motion to Reconsider should be denied.

II. **STATEMENT OF FACTS**

    A. **LOAN HISTORY**

On or about August 28, 2018, Debtor executed a promissory note in the principal sum of $617,500.00 (the "Note"), which was made payable to OCRE.

The Note is secured by a deed of trust (the "Deed of Trust") and assignment of rents encumbering the Subject Property. The Deed of Trust was duly recorded on August 31, 2018, in the Official Records of Alameda County, State of California.

    B. **THE PRIOR BANKRUPTCY FILINGS**

On October 16, 2017, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 17-31036-HLB (the "First Bankruptcy"). The First Bankruptcy was dismissed on November 3, 2017, for failure to file required schedules and documents.

On September 18, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31023-HLB (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on November 8, 2018, for failure to file required schedules and documents.

On November 20, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31252-HLB (the "Third Bankruptcy"). The Third Bankruptcy was dismissed on December 21, 2018, for failure to pay filing fees.

Debtor filed a fourth Chapter 13 in the Northern District of California- San Francisco Division on January 11, 2019, and was assigned case number 19-30034-HLB (the "Fourth Bankruptcy"). Again, Debtor was not represented by counsel and failed to file required documents. The Fourth Bankruptcy was therefore dismissed on January 28, 2019.

///

///

## C. THE CURRENT BANKRUPTCY

On March 18, 2019, Debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California – Sacramento Division, and was assigned Case No. 19-21640 (the "Current Bankruptcy"). The Currently Bankruptcy was converted to one under Chapter 11 of the Bankruptcy Code on July 3, 2019.

After conversion, the 341(a) Meeting of Creditors was held on August 8, 2019. Debtor and her counsel appeared, along with OCRE's counsel. However, it became apparent that Debtor was not able to discuss her financial records or condition in detail and was not prepared for the meeting. Accordingly, the U.S. Trustee continued the 341(a) Meeting of Creditors to August 22, 2019. Indeed, when asked about basic information about the Property such as the lease term and monthly due date, deposit, or if the tenants were current on payments, Debtor had no information.

Despite these two 341(a) Meetings of Creditors, OCRE continued to receive conflicting information from the Debtor as to lease rate for the Property. Further, Debtor could not account for the improvements done to the Property using, at least in part, OCRE's cash collateral. Indeed, despite providing a stipulation regarding use of cash collateral to Debtor's counsel, Debtor failed to execute and return the same.

On September 30, 2019, OCRE filed its Motion to Convert. (Docket No. 118). Said motion was granted on October 9, 2019. (Docket No. 140).

## III. ARGUMENT:

### A. THE ORDER GRANTING OCRE'S MOTION TO CONVERT SHOULD NOT BE VACATED

#### 1. Legal Standard.

Fed. R. Civ. P. 59, made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023, allows for the alteration or amendment of an order after timely motion of a party. Fed. R. Civ. P. 59(e). Although the Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration, they are construed as one to alter or amend a judgment under Fed. R. Civ. P. 59(e) if filed within the appropriate timeframe, or a motion to vacate under Fed. R. Civ. P. 60 if filed thereafter.

*See Hatfield v. Bd. of Cty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). The decision to alter or amend a judgment under Rule 59(e) is at the discretion of the judge. A party seeking reconsideration must set forth facts or law of a <u>strongly convincing nature</u> to induce the court to reverse its prior decision. *Waller v. Frost*, 2006 U.S. Dist. LEXIS 19925, *2-3 (M.D. Ga. 2006) (internal citations and quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (internal citations omitted) ("Rule 59(e) may be utilized in timely attempts to vacate judgment. The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court"). Further, a motion under Fed. R. Civi. P. 59(e) cannot be used for a party to attempt a 'second bite at the apple' or as a vehicle to present new arguments or evidence that should have been raised earlier. *Adams v. IBM Corp.*, No. 1:05-CV-3308-TWT, 2006 U.S. Dist. LEXIS 94087, at *3 (N.D. Ga. Dec. 29, 2006).

Rule 9023 requires that any motion to alter or amend a judgment be filed no later than 14 days after entry of judgment. Fed. R. Bankr. P. 9023. The order on OCRE's Motion to Convert was entered on October 9, 2019, and Debtor's Motion to Reconsider was filed on October 21, 2019. Thus, contrary to the law cited in the Motion to Reconsider, the relief sought therein should be examined under a Fed. R. Civ. P. 59(e) framework. However, Debtor fails to make even a feeble showing under this standard, and thus the Motion to Reconsider should be denied.

2. **<u>Debtor Fails to Address the Standard for Dismissal or Conversion</u>**

Suspiciously absent from the Debtor's Motion for Reconsideration is any discussion of the standard under which OCRE's Motion to Convert was granted, and why the order thereon was improper.

First, Debtor does not deny that she violated *every single* requirement set forth in the Court's Order to: (1) File Status Report; (2) Attend Preliminary Status Conference; and (3) Disclose Single Asset Real Estate (the "Scheduling Order"). (Docket No. 93). Debtor provides no rationale or explanation for these numerous failures to comply with a court order. Further, the Scheduling Order explicitly warns the Debtor that noncompliance may lead to dismissal or conversion.

Second, Debtor does not deny her unauthorized use of cash collateral. She states that the

4
OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7

3482523.1

September and October 2019 rent from the Property is in her Debtor in Possession ("DIP") account, yet admits that the August 2019 rent was used for improvements to the Property. This was done without OCRE's consent or court order. Further, this information could have been presented at the hearing on the Motion to Convert, and a Motion for Reconsideration is not a proper avenue to submit facts known as the time of the ruling.

Third, Debtor does not deny that she lacks the requisite knowledge of the financial condition of the bankruptcy estate to continue as a debtor in possession. She does not deny that the initial 341(a) meeting of creditors had to be continued due to her failure to prepare for the same, nor does she deny she lacks detailed financial information on the Property. Further, Debtor does not deny gross mismanagement of the estate or loss or diminution of the estate during her tenue as a debtor in possession.

Fourth, Debtor does not deny her four failed prior bankruptcies, and omits any explanation as to how this bankruptcy case will differ in its outcome. Additionally, Debtor makes no attempt to show that the Current Bankruptcy was filed in good faith.

Fifth, Debtor does not deny that her bankruptcy schedules are incomplete and inaccurate. Debtor failed to disclose income, executory contracts, expenses, and transfers of property. As these documents are filed under penalty of perjury and relied upon by creditors, these failures are glaring and concerning.

Sixth, Debtor does not explain why she has failed to file any operating reports. Nor does she affirm that she will do so in the future. Indeed, given that Debtor does not deny her lack of financial knowledge of the estate, any such reports would likely be deficient or inaccurate.

Finally, it is telling that the Debtor's two largest creditors, OCRE and Hall Mortgage Fund, LP, both moved to either convert or dismiss the Current Bankruptcy. It is clear that Debtor, as a fiduciary of the bankruptcy estate, has lost the faith of her creditors.

Indeed, the only grounds under which the Debtor moves to vacate the order on OCRE's Motion to Convert is due to mistake, inadvertence, and neglect of Debtor's counsel. In support thereof, Debtor claims that the hearing on the Motion to Convert was a 'surprise' due to Debtor's counsel believing

5
OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7

the hearing on the Motion to Convert would be continued by the Court to October 22, 2019. It is true that the undersigned had a phone conversation with Debtor's counsel on October 4, 2019, in which Debtor's counsel was informed that the hearing would likely be continued via court order to October 22, 2019. (*See* Declaration of Jonathan C. Cahill ("Cahill Decl."), ¶ 4). Indeed, the undersigned was first informed by the Court to file an Application to Shorten Time to move the hearing on the Motion to Convert to October 22, 2019, and then was informed that the Court would issue an order doing so. (Cahill Decl., ¶¶ 2, 3). As the Court did not issue an order continuing the Motion to Convert, the hearing proceeded, as noticed. (Cahill Decl., ¶ 5). The hearing on the Motion to Convert was listed on the tentative rulings list by the Court, which was available the day before the hearing. (Cahill Decl., ¶ 6). Finally, Debtor was represented by counsel at the hearing, and argued against the Motion to Convert. (Cahill Decl., ¶ 7).

The Motion to Reconsider merely argues that the Debtor could sell the Property and refinance the Incline Village Property. These are the same basic arguments the Debtor raised at the hearing on the Motion to Convert. (Cahill Decl., ¶ 7). The Motion to Reconsider does not address the correct legal standard under which it should be analyzed, it does not address fact or law that would change the outcome on the Motion to Convert, and it fails to address any of the numerous failures of the Debtor as a debtor-in-possession.

### IV. <u>CONCLUSION</u>

Debtor's Motion to Reconsider does not raise facts or law that would necessitate vacating the order granting OCRE's Motion to Convert. Indeed, it is a blatant attempt at a 'second bite at the apple' so that Debtor may re-argue the merits of the Motion to Convert. Accordingly, for the reasons set forth herein, Debtor's Motion to Reconsider should be denied in its entirety.

///
///
///
///
///

6
OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7

**WHEREFORE**, OCRE respectfully requests:

1. That the Court deny the Debtor's Motion to Consider;
2. Reasonable attorneys' fees and costs; and
3. Such other relief as the Court deems just and proper.

Respectfully submitted,

DATED: October 24, 2019          WOLFE & WYMAN LLP

By: ___/s/ Jonathan C. Cahill___
    STUART B. WOLFE
    JONATHAN C. CAHILL

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF SACRAMENTO       )

I, Beverley Tomlin-Hill, declare:

I am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action. My business address is 980 9th Street, Suite 2350, Sacramento, California 95814.

On October 24, 2019, I served the document(s) described as **OPPOSITION TO DEBTOR'S MOTION TO RECONSIDER HEARING ON MOTION TO CONVERT TO CHAPTER 7** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL**: as follows:
☐ STATE - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC SERVICE** as follows: I, Name, whose e-mail address is Email@wolfewyman.com, caused such document(s) to be transmitted at time a.m./p.m. to the electronic mailing address of the addressee listed on the attached service list by use of electronic mail. The electronic service of the document(s) complied with California Rules of Court, Rule 2.251 in that it was pursuant to court order, local rule, stipulation of the parties or the consent of the addressee. A copy of the original document bearing original signatures will be available for inspection upon request per California Rules of Court, Rule 2.257. All addressees have been provided with the sender's electronic service address.

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **FEDERAL** as follows: I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on October 24, 2019, at Sacramento, California.

_____
Beverley Tomlin- Hill

3420086.1

SERVICE LIST
U.S. District Bankruptcy Court of California – Sacramento Division
Case No.: 19-2160
DEBORA LEIGH MILLER-ZURANICH
W&W File No. 1760-006
[Revised: August 2019]

Deborah Leigh Miller-Zuranich  Tel: (916) 952-0116
9369 Newington Way  Email:
Elk Grove, CA 95758

Peter L. Cianchetta  Tel: (916) 685-7878
8788 Elk Grove Blvd., Suite 2A.  Email: *plc@eqlaw.net*
Elk Grove, CA 95624

Office of the U,S, Trustee
Cameron Gulden
300 Booth Street, #3009
Reno, NV 89509

Office of the United States Trustee
2500 Tulare Avenue, #1401
Fresno, CA 93721
Attn: Robin Tubesing

**Creditors:**

Crystal Shores East Association
PO Box 5311
Incline Village NV 89450

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Washoe County Treasurer
PO BOX 30039
Reno, NV 89520-3039

Internal Revenue Service
4330 Watt Avenue; SA-5210
Attn: Insolvency, Group 3
Sacramento, CA 95821

U.S. District Bankruptcy Court of California – Sacramento Division
Case No.: 19-2160
DEBORA LEIGH MILLER-ZURANICH
W&W File No. 1760-006
[Revised: August 2019]

## SERVICE LIST

Creditor's cont'd

Hall Mortgage Fund LLC
6200 E Canyon Rim Rd
Anaheim Hills, CA 82807

Joseph J Miller Trust
9369 Newington Way
Elk Grove, CA 95758

Select Portfolio Services
PO Box 65250
Salt Lake City, UT 84165-0250