

FILED
NOV -5 2019
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

DEBORA LEIGH MILLER-ZURANICH,

Debtor(s).

Case No. 19-21640-B-7

DC No. PLC-8

ORDER DENYING MOTION FOR RECONSIDERATION

**Introduction**

The court has before it a motion, filed by debtor Debora Miller-Zuranich ("Debtor"), for reconsideration of the order converting this case from a Chapter 11 case to a Chapter 7 case. Docket 152. The motion is opposed by creditor OCRE Investment Fund I, LLC ("OCRE"). Docket 163. Creditor Hall Mortgage Fund, LLC ("Hall") filed a joinder to OCRE's opposition. Docket 165.

The court has reviewed the motion, opposition, and all related declarations and exhibits. The court has also reviewed and takes judicial notice of the docket and the claims register in this case.

The court has determined that oral argument will not assist in the resolution of the motion for reconsideration. See Local Bankr. R. 9014-1(h). The hearing set for November 5, 2019, at 9:30 a.m. will therefore be vacated. Coss v. Caliber Homes, Inc./Fidelity, 2019 WL 1469251, *1 (D. Ariz. 2019) (oral argument not mandatory before ruling on motion to reconsider). Findings of fact and conclusions of law are set forth below. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052. And for the reasons set forth below, the motion for reconsideration will be denied.

**Background**

This case was initially filed as a Chapter 13 case. Docket 1. After the court determined that the Debtor was ineligible for Chapter 13 relief under 11 U.S.C. § 109(e), the court provided the Debtor with an option to convert to Chapter 11 or dismiss. Dockets 59-61. The Debtor chose conversion, Docket 62, and this case was converted from a Chapter 13 case to a Chapter 11 case on July 3, 2019. Docket 64. No trustee was appointed and the Debtor operated as a debtor in possession.

Following conversion, on August 28, 2019, the court filed its standard Chapter 11 scheduling order which set a status conference for October 8, 2019. Docket 93 at 1:20-22. The scheduling order imposed several important case administration and substantive obligations on the Debtor that were to be completed before the status conference. Id. at 1:13-2:23, 4:12-19. It also warned the Debtor of potential consequences of conversion, dismissal, or the appointment of a trustee if she failed to timely perform her court-ordered obligations. Id. at 2:24-28.

One week prior to the status conference, on September 30, 2019, OCRE filed a motion to dismiss or convert the Chapter 11 case to a Chapter 7 case. Dockets 118-122. On October 1, 2019, Hall filed a joinder in OCRE's motion and also filed a separate motion to dismiss with a 180-day bar to refiling. Dockets 123-128. Both motions (collectively, the "Motions") were set for hearing in conjunction with the October 8, 2019, status conference. In that regard, the Motions were consistent with and timely under the scheduling order which states as follows:

> Any party may request at the preliminary status conference that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed, provided that a motion requesting such relief is filed and served on those persons entitled to notice (see Fed. R. Bankr. P. 2002(a)(4))) at least seven calendar days prior to the preliminary status conference. Opposition may be presented orally at the preliminary status conference.

Docket 93 at 4:6-11.

With regard to the Debtor's scheduling order obligations, by September 6, 2019, the Debtor was to serve the scheduling order on numerous parties in interest and any attorney representing a party in interest. Id. at 1:24-2:2, 1:14-15. Within three days thereafter the Debtor was to file proof that the scheduling order was served. Id. at 2:1-2. The scheduling order also required the Debtor to file and serve a single asset real estate declaration by September 13, 2019, id. at 4:12-14, 1:16-18, and a status report by September 20, 2019. Id. at 2:2-3, 1:18-19.

The status conference was held on October 8, 2019. The Debtor appeared personally with her attorney, an associate of counsel of record.[1] Docket 162 at 3:6-8. As they were noticed, the Motions were heard during the status conference. Dockets 147, 162.

The court initially noted that the Debtor had not complied with any aspect of the scheduling order. The scheduling order was never served and therefore the required certificate of

---

[1]That the Debtor appeared personally is noteworthy. The court notes that debtors rarely, if ever, appear at status conferences. The Debtor's appearance is indicative of her understanding of the status conference's significance based on matters then before the court.

service was not filed. The single asset real estate declaration and the status report were also not timely filed and served. In fact, both were filed on October 7, 2019, the day before the status conference. Dockets 129, 131. The court found the Debtor's noncompliance with the scheduling order to be cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(E). Docket 162 at 4:25-5:25.

The court also noted that the Debtor used OCRE's cash collateral without express consent or court authorization.[2] The court found this to be cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(D). Id. at 6:1-24.

The court further identified acts of gross mismanagement by the Debtor. Noting that the Debtor, as a debtor in possession, is a fiduciary to creditors and the estate the court found that the Debtor breached her fiduciary duties by the unauthorized use of cash collateral, the lack of care regarding management and disclosure of the estate's finances, income, and rental properties, and an apparent manipulation of the schedules. The court found this conduct to be cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(B). Id. at 6:25-7:16.

And the court noted that no operating reports had been filed following the July 2019 conversion to Chapter 11. The court found this to be cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(F).[3] Id. at 7:17-20.

---

[2]The Debtor now admits as much. Docket 153 at 2:8-10.

[3]The Debtor apparently also did not pay the United States trustee fee required by Chapter 123, Title 28. See Claim No. 6-

The court concluded that the cumulative effect of the Debtor's above-described conduct was that she had mismanaged the estate and not properly prosecuted the Chapter 11 case. Id. at 7:21-8:18. And viewing that conduct under the totality of the circumstances which included the Debtor's history of filing multiple nonproductive bankruptcy cases within a short period of time, the court found additional cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4) for bad faith.[4] Id.

When the court finished with its recitation of cause it provided the attorneys who appeared with an opportunity to be heard. Debtor's attorney did not object to the court's findings of cause, did not mention that the Debtor was ill-prepared to proceed with the hearing on the Motions, and did not request additional time or a continuance to submit a response. Instead, Debtor's attorney substantively opposed the merits of the Motions by presenting details of a Chapter 11 plan which would be filed in six weeks and which would provide for the payment of creditors through the sale of one of the Debtor's properties and the refinance of others. Docket 162 at 11:21-12:23. Inasmuch as the proposal to file a plan provided the court with no unusual

---

1. This is yet additional cause for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(K).

[4]This is the Debtor's fifth bankruptcy case filed in the past two years. The other four nonproductive cases - filed in Northern District of California - are as follows:

| Case No. | Filed | Dismissed | Reason |
|---|---|---|---|
| 17-31036-HLB | 10/16/17 | 11/03/17 | Failure to file docs |
| 18-31023-HLB | 09/18/18 | 11/08/18 | Failure to file docs |
| 18-31252-HLB | 11/20/18 | 12/21/18 | Failure to pay filing fee |
| 19-30034-HLB | 01/11/19 | 01/28/19 | Failure to file docs |

circumstances that justified not dismissing or converting the case under 11 U.S.C. § 1112(b)(2), id. at 13:22-23, based on the cause recited, the court concluded that conversion was in the best interest of creditors and the estate for two reasons: (1) the schedules reflected sufficient non-exempt equity from which creditors would likely be paid in full,[5] Docket 162 8:22-9:10, and (2) dismissal, even with a bar to refiling, would not prevent the Debtor from impermissibly refiling in an attempt to trigger the automatic stay of § 362(a) resulting in additional delay and expense. Id. at 9:11-24. Orders granting OCRE's motion to convert, denying OCRE's motion to dismiss, and denying Hall's motion to dismiss as moot were entered on October 10, 2019. Dockets 139-140; see also Docket 162 at 14:8-19. The present motion for reconsideration followed on October 21, 2019. Docket 152.

The Debtor now states for the first time in her motion for reconsideration that she did not respond to the Motions because her attorney relied on information received from OCRE's attorney on October 4, 2019, that the Motions would be heard on October 22, 2019, and not during the October 8, 2019, status conference. Docket 155 at 2:1-6. OCRE's attorney acknowledges that he received this information from the court and he does not dispute that he mentioned it to Debtor's attorney. Docket 164 at 2:9-11. OCRE's attorney also states that he received a voicemail from the

[5]The Debtor's statement that she has "less than $2,000 in unsecured debt", Docket 152 at 4:4, is not accurate and another indication of the Debtor's lack of comprehension of her finances and the financial aspects of this case. See Claims Register.

court at 9:18 a.m. on October 7, 2019, informing him that the Motions would be heard on October 8, 2019, during the status conference as noticed. Id. at 2:12-14. The court takes judicial notice that seventeen minutes after that voicemail, at 9:35 a.m., information consistent with the voicemail was posted on the court's website. The significance of the website posting is discussed further below.

**Discussion**

Civil Rule 59(e)

Debtor moves for reconsideration of the Chapter 7 conversion order on the basis of excusable neglect under Federal Rule of Civil Procedure ("Civil Rule") 60(b)(1) (applicable by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024). Docket 152 at 3:3-5:3. Debtor's motion is based on the wrong legal standard.

A motion for reconsideration filed within fourteen days after the entry of a judgment is treated as a motion to alter or amend the judgment under Civil Rule 59(e) (applicable by Bankruptcy Rule 9023) rather than a motion for relief from the judgment under Civil Rule 60(b).[6] See American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (citation and internal quotations omitted); Metha v. Lipworth, 2014 WL 1092212, *1 (E.D. Cal. 2014) (citation omitted). The Chapter 7 conversion order was entered on October

[6]Judgment includes an order from which an appeal lies. See Fed. R. Civ. P. 54(a); Fed. R. Bankr. P. 7054.

10, 2019. The Debtor filed her motion for reconsideration eleven days later on October 21, 2019. Filed within fourteen days of the entry of the Chapter 7 conversion order, the motion for reconsideration is governed by Civil Rule 59(e) and not Civil Rule 60(b).

Relief under Civil Rule 59(e) is an extraordinary remedy used sparingly. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Generally, there are four grounds upon which a Civil Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact; (2) to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if justified by an intervening change in controlling law. Id.

Debtor cites no error of law or fact, no newly discovered evidence, and no intervening change in controlling law. The first, second, and fourth grounds are therefore inapplicable. That leaves the third ground, *i.e.*, whether relief is necessary to prevent manifest injustice, as the only potential basis for relief under Civil Rule 59(e). The Debtor has not met that standard.

"Manifest injustice exists where there is a flaw in the court's decision that without correction would lead to inequitable results." Quintero v. Palmer, 2017 WL 384693, *5 (D. Nev. 2017). Debtor identifies no flaw in the court's decision to convert the Chapter 11 case to a Chapter 7 case or an inequitable consequence resulting therefrom.

The Debtor did not (and does not) dispute the numerous instances of cause recited by the court. Indeed, several are

indisputable, *i.e.*, noncompliance with the scheduling order, use (as admitted) of cash collateral without consent or court authorization, the absence of operating reports, and apparently now nonpayment of the United States trustee fees. Inasmuch as conversion is supported by sufficient cause and the absence of unusual circumstances, and because conversion is in the best interest of creditors and the estate for the reasons stated above, the Debtor has not identified any fundamental flaw in the court's decision to convert.[7] The Debtor also has not demonstrated that - under the facts of this case - conversion is inequitable.

There is nothing inequitable about requiring attorneys to monitor the court's docket. See Delaney v. Alexander (In re Delaney), 29 F.3d 516, 518 (9th Cir. 1994) (citations and quotations omitted); Willis v. JPMorgan Chase Bank, N.A., 2017 WL 5665834, *2 (E.D. Cal. 2017). Indeed, given the widespread availability of electronic dockets, the district court has described this duty as imposing a "minimal burden on counsel[.]" Willis, 2017 WL 5665834, *2 at n.2. Requiring attorneys to monitor the docket is also consistent with the local rules which advise counsel to check posted tentatives prior to any calendared hearing to determine if the matter is resolved or will be heard. See Local Bankr. R. 9014-1(h).

---

[7]The court rejects the Debtor's suggestion that it must consider *her* interests and therefore must consider her preference in the sale of property. When determining whether to dismiss or convert the court considers the best interests of creditors and the estate, not the debtor. See 11 U.S.C. § 1112(b)(1).

In the context of this case, Debtor's attorney is well aware of this court's practice of posting tentative decisions on its website the day before noticed hearings. Debtor's attorney is also well aware that a matter on the posted tentative calendar will be called and heard in the absence of an express statement that the matter is resolved without oral argument, removed, and an appearance is not necessary or if a particular matter is blank.

Consistent with that practice, at 9:35 a.m. on October 7, 2019, the court posted on its website the tentative ruling calendar for the October 8, 2019, 2:00 p.m. hearings. That posting included no disposition for the Motions, both of which were blank. See Appx. A at Items 6-7. Debtor's attorney therefore knew or should have known that the court did not continue - and that it intended to call and hear - the Motions during the status conference as they were noticed.

More important, at no time during the status conference did the Debtor or her attorney state they were somehow misinformed about the court's intent to hear the Motions or that they were ill-prepared to address them as the Debtor now claims. The Debtor and her attorney also did not ask for additional time or a continuance to permit the filing of an additional response. Quite the contrary. Debtor's attorney proceeded to explain how, if the case was not dismissed or converted, the Debtor would propose a plan that provided for the sale of one of her properties, the refinance of other properties, and the payment of creditors. Stated another way, Debtor's attorney substantively opposed the merits of the Motions during the status conference

just as the scheduling order contemplated.

The arguments the Debtor now makes for the first time on reconsideration, *i.e.*, that she relied on information from OCRE's attorney and was ill-prepared to address the Motions, are too late. They are arguments the Debtor could (and should have) made during the October 8, 2019, status conference. Making those arguments now - for the first time on reconsideration - and making them on the basis that the Debtor desires to propose a plan that provides for the sale of a particular property contravenes Civil Rule 59(e) on two levels. A Civil Rule 59(e) motion is not a vehicle by which to raise arguments or present evidence for the first time which could have been raised or presented earlier, School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), and it is not a vehicle to reargue issues already argued, Ironworks, 248 F.3d at 899.

In short, the Debtor argues the wrong standard of relief on reconsideration. And as to the applicable standard, the Debtor has not demonstrated that relief from the Chapter 7 conversion order is necessary or warranted under Civil Rule 59(e) in order to prevent manifest injustice. Debtor's motion for reconsideration will therefore be denied.

Civil Rule 60(b)

The motion will also be denied to the extent - or even if - considered under Civil Rule 60(b)(1).

Initially, similar to a Civil Rule 59(e) motion, "a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in

the original briefs." Hassan v. Corelogic Credco, 2016 WL 8731108, *2 (E.D. Cal. 2016) (quoting San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior, 624 F. Supp. 2d 1197, 1208 (E.D. Cal. 2009), aff'd, 672 F.3d 676 (9th Cir. 2012)). Therefore, to the extent the Debtor's motion for reconsideration fails on this basis under Civil Rule 59(e) it also fails for the same reason under Civil Rule 60(b).

Moreover, relief for excusable neglect under Civil Rule 60(b)(1) is governed by the *Pioneer-Briones* factors, *i.e.*, (1) the danger of prejudice to any non-moving party if an order is vacated; (2) the length of delay and potential impact of the delay on judicial proceeding; (3) the reason for the delay and whether within movant's control; and (4) whether the conduct was in good faith. Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997). The court has considered each of the factors and determines that overall they weigh against relief.

The first factor weighs against relief. Under the circumstances described above in which the Debtor has breached her fiduciary duties, grossly mismanaged the estate, not properly prosecuted the Chapter 11 case, and engaged in conduct indicative of bad faith it would be prejudicial to creditors and detrimental to the estate to vacate the Chapter 7 conversion order, divest the Chapter 7 trustee of control, and restore the Debtor to her position as a debtor in possession. Stated another way, the court has greater confidence in the Chapter 7 trustee's ability to properly administer the estate in a manner consistent with the

Bankruptcy Code than it does in the Debtor's ability to do the same.

The second factor weighs in favor of relief. The Chapter 7 conversion order was entered on October 10, 2019. The Debtor moved for reconsideration of that order eleven days later on October 21, 2019. Delay is therefore minimal.

The third factor weighs against relief. This factor has been characterized as the most significant factor. See Gibbons v. U.S., 317 F.3d 852, 854 (8th Cir. 2003). In fact, the Ninth Circuit has recognized that the third factor alone may preclude a finding of excusable neglect. See Farraj v. Cunningham, 659 Fed. Appx. 925, 927-28 (9th Cir. 2016). Here, the third factor tracks the manifest injustice analysis in that it was well within the control of the Debtor and her attorney to (1) review the docket and the October 7, 2019, posted tentative calendar to determine if the court intended to continue or hear the Motions, and, (2) request additional time or a continuance if ill-prepared to address the Motions as they were noticed. More important for purposes of this factor is that there is no explanation of any circumstances beyond the control of the Debtor or her attorney that prevented either.

The fourth factor weighs against relief. The Debtor's above-described conduct in this case is consistent with her prior conduct in her four other non-productive bankruptcy cases and is therefore indicative of bad faith and filing bankruptcy cases for an improper purpose. This factor weighs against relief.

In short, the Debtor has not established excusable neglect. Therefore, to the extent the Debtor's motion for reconsideration

is governed by Civil Rule 60(b), relief under Civil Rule 60(b)(1) is denied. Additionally, to the extent the Debtor's motion for reconsideration mentions Civil Rule 60(b)(6) but provides no grounds for relief other than those under Civil Rule 60(b)(1), the Debtor's request for relief under Civil Rule 60(b)(6) is also denied. Lafarge Conseils Et. Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under [Civil Rule] 60(b)(6) must be based on grounds other than those listed in the preceding clauses.").

**Conclusion**

For all the foregoing reasons,

IT IS ORDERED that the Debtor's motion for reconsideration is **DENIED.**

IT IS FURTHER ORDERED that the hearing on the Debtor's motion for reconsideration set for November 5, 2019, at 9:30 a.m. is **VACATED**.

Dated: November 5, 2019.

UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
Eastern District of California

Honorable Christopher D. Jaime
Bankruptcy Judge Sacramento,
California

**October 8, 2019 at 2:00 p.m.**

---

1. 19-21640-B-11 DEBORA MILLER-ZURANICH
**Thru #2** Peter L. Cianchetta

STATUS CONFERENCE RE: VOLUNTARY PETITION
3-18-19 [1]

2. 19-21640-B-11 DEBORA MILLER-ZURANICH
PLC-7 Peter L. Cianchetta

3. 19-25054-B-11 MB REALTY INC.
Richard L. Jare MOTION TO EMPLOY STANLEY CORNELIUS AS REALTOR(S)
9-12-19 [110]

CONTINUED STATUS CONFERENCE RE: VOLUNTARY PETITION 8-12-19 [1]

4. 19-23088-B-12 GEORGE/JANIEL AGUIAR TO SUBSTITUTE PARTY
TLA-7 Thomas L. Amberg MOTION 9-9-19 [58]

**This matter is resolved without oral argument. No appearance at the hearing is required. Removed from calendar. The court will issue an Order.**

5. 18-25889-B-11 JAMES MARSHALL AND DANIEL JOHNSON OBJECTION TO CLAIM OF LOUISE AWENDER, CLAIM NUMBER 11
DL-11 Walter R. Dahl 8-13-19 [221]

**This matter is resolved without oral argument. No appearance at the hearing is required. Removed from calendar. The court will issue an Order.**

6. 19-21640-B-11 DEBORA MILLER-ZURANICH MOTION TO DISMISS CASE
WW-2 Peter L. Cianchetta **Thru** 10-1-19 [123]
**#7 See Also #1-2**

7. 19-21640-B-11 DEBORA MILLER-ZURANICH
DTK-1 Peter L. Cianchetta MOTION TO RECONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 AND/OR MOTION TO DISMISS CASE
9-30-19 [118]

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Peter L. Cianchetta
8788 Elk Grove Blvd. Ste. 2A
Elk Grove CA 95624

Dean T. Kirby
707 Broadway, Suite 1750
San Diego CA 92101

Jonathan C. Cahill
4375 Jutland Dr #200
PO Box 17933
San Diego CA 92177-0933

Aaron A. Avery
2150 River Plaza Dr #450
Sacramento CA 95833