7
Stuart B. Wolfe (SBN 156471)
sbwolfe@wolfewyman.com
Jonathan C. Cahill (SBN 287260)
jccahill@wolfewyman.com
WOLFE & WYMAN LLP
980 9th Street, Suite 1750
Sacramento, California 95814
Telephone: (916) 912-4700
Facsimile: (916) 329-8905

Attorneys for
OCRE Investment Fund 1 LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBORA LEIGH MILLER-ZURANICH<br><br>Debtor, | Case No.: 19-21640<br>Chapter 7<br>Hon. Christopher D. Jaime<br><br>Docket Control No.: WW-3<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**<br><br>**Hearing**:<br>Date: December 17, 2019<br>Time: 9:30 a.m.<br>Dept: B<br>Ctrm: 32<br><br>501 I Street, Sixth Floor<br>Sacramento, California 95814 |

OCRE INVESTMENT FUND 1 LLC, (hereinafter "OCRE") respectfully submits the following memorandum of points and authorities in support of its Motion for In Rem Relief from the Automatic Stay.

## I. INTRODUCTION

OCRE respectfully requests that the Court enter an order granting it relief from the automatic stay in the instant bankruptcy case filed by DEBORA LEIGH MILLER-ZURANICH ("Debtor")

1

pursuant to section 362(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). As discussed in detail below, Debtor has filed a string of unsuccessful bankruptcy cases, failed to file accurate bankruptcy schedules, and her bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code due to her disregard for the requirements of her dictated by the Bankruptcy Code and failure to adhere to the Court's orders. Taken together, these severe issues evidence Debtor's bad faith and abuse of the Bankruptcy Code and court system.

## II. STATEMENT OF FACTS

### A. LOAN HISTORY

On or about August 28, 2018, Debtor executed a promissory note in the principal sum of $617,500.00 (the "Note"), which was made payable to OCRE.

The Note is secured by a deed of trust (the "Deed of Trust[1]") and assignment of rents encumbering the real property commonly known as 30 Merlin Court, Oakland, CA 94605 (the "Property"). The Deed of Trust was duly recorded on August 31, 2018, in the Official Records of Alameda County, State of California. (*See* Request for Judicial Notice ("RJN"), **Exhibit 1**). Debtor has not made a single payment on the Loan since it was originated. (*See* Court's Claim Register, Proof of Claim No. 2-1).

### B. THE PRIOR BANKRUPTCY FILINGS

On October 16, 2017, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 17-31036-HLB (the "First Bankruptcy"). The First Bankruptcy was dismissed on November 3, 2017, for failure to file required schedules and documents. (*See* Request for Judicial Notice ("RJN"), **Exhibit 2**)

On September 18, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan Documents"

2
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

18-31023-HLB (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on November 8, 2018, for failure to file required schedules and documents. (*See* Request for Judicial Notice ("RJN"), **Exhibit 3**)

On November 20, 2018, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Northern District of California- San Francisco Division, and was assigned case number 18-31252-HLB (the "Third Bankruptcy"). The Third Bankruptcy was dismissed on December 21, 2018, for failure to pay filing fees. (*See* Request for Judicial Notice ("RJN"), **Exhibit 4**)

Debtor filed a fourth Chapter 13 in the Northern District of California- San Francisco Division on January 11, 2019, and was assigned case number 19-30034-HLB (the "Fourth Bankruptcy"). Again, Debtor was not represented by counsel and failed to file required documents. The Fourth Bankruptcy was therefore dismissed on January 28, 2019. (*See* Request for Judicial Notice ("RJN"), **Exhibit 5**)

### C. THE CURRENT BANKRUPTCY

On March 18, 2019, Debtor filed the instant bankruptcy petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of California – Sacramento Division, and was assigned Case No. 19-21640 (the "Current Bankruptcy"). The Currently Bankruptcy was converted to one under Chapter 11 of the Bankruptcy Code on July 3, 2019.

After conversion, the 341(a) Meeting of Creditors was held on August 8, 2019. Debtor and her counsel appeared, along with OCRE's counsel. However, it became apparent that Debtor was not able to discuss her financial records or condition in detail and was not prepared for the meeting. Accordingly, the U.S. Trustee continued the 341(a) Meeting of Creditors to August 22, 2019. (See Declaration of Jonathan C. Cahill ("Cahill Decl."), ¶ 3). Indeed, when asked about basic information about the Property such as the lease term and monthly due date, deposit, or if the tenants were current on payments, Debtor had no information. (Cahill Decl., ¶ 3).

On September 30, 2019, OCRE filed a Motion to Convert or Dismiss the instant bankruptcy case. (Docket No. 118). Said Motion was granted on October 8, 2019, and the instant case was converted to one under Chapter 7 of the Bankruptcy Code. (Docket No. 140). At the hearing on the

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

Motion to Convert, one of the grounds for granting the motion was Debtor's bad faith in filing her petition. (Cahill Decl., ¶ 2).

On November 4, 2019, Debtor's other major creditor, Hall Mortgage Fund, LP, filed a Motion for In Rem Relief form Stay. (Docket No. 172). On November 18, 2019, the Chapter 7 Trustee indicated that he has no opposition to said motion. (Docket Text Dated November 18, 2019).

On November 24, 2019, OCRE's counsel discussed administration of the Property with the Chapter 7 Trustee's counsel. (Cahill Decl., ¶ 5). The Trustee's counsel appeared to indicate that it was unlikely that the Property would be administered by the Trustee. (Cahill Decl., ¶ 5). Accordingly, OCRE brings the instant Motion in order to proceed with enforcement of its state law remedies.

## III. ARGUMENT:

### A. OCRE IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
   (2) with respect to a stay of an act against property under subsection (a) of this section, if –
      (A) the debtor does not have any equity in such property; and
      (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, even where the debtor can provide adequate protection under Section 362(d)(1). *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980).

As a Chapter 7 bankruptcy case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the

property. *See e.g., Nev. Nt'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981).

        OCRE is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the Property is held in trust, of which Debtor is the Trustee. Property held in trust by a debtor solely for the benefit of another is not property of the bankruptcy estate. *See* 11 USC § 541(d); *In re Advent Mgmt. Corp.* (9th Cir. 1997) 104 F3d 293, 295; *In re Unicom Computer Corp.* (9th Cir. 1994) 13 F3d 321, 324. Debtor does claim that she is a beneficiary under this trust along with three other siblings, and thus owns a one-fourth interest in the Property. Further, if said interest is subject to a spendthrift provision in the trust, said interest is excluded from the bankruptcy estate. *See* 11 USC § 541(c)(2); *United States I.R.S. v. Snyder* (9th Cir. 2003) 343 F3d 1171, 1178. However, it does not appear that the Trustee plans to administer

        As there is little to no equity in the Property for the benefit of the bankruptcy estate and the Trustee has confirmed he will not administer the Property as an asset of the estate, the Property is not necessary for an effective reorganization. Therefore, OCRE is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### B.    OCRE IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4)

Section 362(d) of the Bankruptcy Code provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or[2] defraud creditors that involved either—
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

---

[2] Pursuant to the Bankruptcy Technical Corrections Act of 2010, Section 362(d)(4) was revised by striking "hinder, and" and inserting "hinder, or."

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

11 U.S.C. § 362(d)(4). (emphasis added). If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. *In re Arnold, supra* (citing *In re Thirteenth Place, Inc.*, 30 B.R. 503, 505 (9th Cir. B.A.P. 1983)). In the absence of extraordinary circumstances, successive or serial filings for the purposes of reimposing the automatic stay, particularly when the debtor's purpose is to delay a scheduled foreclosure, should not be viewed with favor by the court. *In re McKissey*, 103 B.R. 189, 192 (Bankr. N.D. IL 1989) (citing *In re Russo*, 94 B.R. 127, 129 (Bankr. N.D. IL 1988).

The aforementioned multiple bankruptcy filings have prevented OCRE from lawfully exercising its state law remedies with regard to the Property. The other major creditor in the Debtor's bankruptcy has sought in rem relief from the automatic stay, and the Chapter 7 Trustee does not oppose said relief. Moreover, Debtor has not made a single monthly mortgage payment since the Loan was originated, all while leasing out the Property. Debtor has filed inaccurate bankruptcy schedules, improperly used cash collateral, failed to comply with court orders, and was found to have filed the instant case in bad faith by the Court at the hearing on OCRE's Motion to Convert. Additionally, OCRE continues to incur significant legal expenses while the Debtor enjoys use and possession of the Property. Thus, under the circumstances, OCRE is entitled to in rem relief from stay.

### IV. **CONCLUSION**

For all of the reasons discussed herein, OCRE is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, OCRE respectfully requests:

1. An order terminating the automatic stay of 11 U.S.C. 362(a) to allow OCRE (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. This Order shall be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with

applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing.

3. Providing that the Order is binding as to the Debtor for a period of 180 days following entry of the Order in any pending and/or subsequently filed bankruptcy case(s);

4. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

5. Permitting OCRE to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court;

6. Permitting OCRE to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

7. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

8. Granting OCRE such other and further relief as the court deems just and proper.

                                             Respectfully submitted,

DATED: November 27, 2019         WOLFE & WYMAN LLP

By:    /s/ Jonathan C. Cahill
        STUART B. WOLFE
        JONATHAN C. CAHILL