3

**Stuart B. Wolfe (SBN 156471)**
*sbwolfe@wolfewyman.com*
**Jonathan C. Cahill (SBN 287260)**
*jccahill@wolfewyman.com*
**WOLFE & WYMAN LLP**
**980 9th Street, Suite 1750**
**Sacramento, California 95814**
**Telephone: (916) 912-4700**
**Facsimile: (916) 329-8905**

**Attorneys for**
**OCRE Investment Fund 1 LLC**

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DEBORA LEIGH MILLER-ZURANICH<br><br>Debtor, | Case No.: 19-21640<br>Chapter 7<br>Hon. Christopher D. Jaime<br><br>Docket Control No.: WW-3<br><br>**DECLARATION OF JONATHAN C. CAHILL IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**<br><br>Date: December 17, 2019<br>Time: 9:30 a.m.<br>Dept: B<br>Ctrm: 32<br><br>501 I Street, Sixth Floor<br>Sacramento, California 95814 |

I, JONATHAN C. CAHILL, declare as follows:

1. I am an attorney at law duly licensed to practice in all of the courts in the State of California and the Eastern District of California, and I am an associate with the law firm of WOLFE & WYMAN LLP, attorneys of record for OCRE INVESTMENT FUND 1 LLC, (hereinafter "OCRE"). I have personal knowledge of the following, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of the OCRE's Motion to Convert of Dismiss Chapter 11 Bankruptcy Case.

1

**DECLARATION OF JONATHAN C. CAHILL IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**

3512199.1

2. On September 30, 2019, I caused a Motion to Convert or Dismiss to be filed in the instant bankruptcy case. I attended the hearing thereon on October 8, 2019. The Court granted the Motion to Convert, based on Debtor's failure to comply with court orders, unauthorized use of cash collateral, inaccurate bankruptcy schedules, and bad faith evidenced by the foregoing and a string of unsuccessful bankruptcy filings. The Court explicitly considered the Debtor's bad faith in granting the Motion to Convert, as the Court was concerned that he Debtor may re-file bankruptcy cases even if the instant case were dismissed, with prejudice.

3. On August 8, 2019, I attended the initial 341(a) Meeting of Creditors in the instant case. However, it became apparent that Debtor was not able to discuss her financial records or condition in detail and was not prepared for the meeting. Accordingly, the U.S. Trustee continued the 341(a) Meeting of Creditors to August 22, 2019. When asked about basic information about the Property such as the lease term and monthly due date, deposit, or if the tenants were current on payments, Debtor had no information

4. On August 22, 2019, I attended the initial 341(a) Meeting of Creditors in the instant case.

5. On November 24, 2019, I exchanged email correspondence with the Chapter 7 Trustee's counsel, Aaron Avery. Based on this discussion, it does not appear that the Trustee will administer the Property. Accordingly, I anticipate the Chapter 7 Trustee will file a statement of non-opposition to the instant Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this 27th day of November 2019, at Sacramento, California.

                                 Respectfully submitted,

DATED: November 27, 2019         WOLFE & WYMAN LLP

                                 By:    /s/ Jonathan C. Cahill
                                         STUART B. WOLFE
                                         JONATHAN C. CAHILL

**DECLARATION OF JONATHAN C. CAHILL IN SUPPORT OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY**