UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

DEBORA LEIGH
MILLER - ZURANICH

        Debtor.

Case No.    19-21640

Chapter 7
DCN: DTK-2
ORDER GRANTING MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY

[11 U.S.C. § 362(d)(4)]

    Hall Mortgage Fund, LP filed a Motion for In Rem Relief from Automatic Stay. The Motion was unopposed. On December 3, 2019, a hearing was held at which time the Court read its detailed findings and its ruling into the record.

    The Court finds that the filing of the petition commencing this bankruptcy case was part of a scheme to hinder, delay or defraud creditors which involved multiple bankruptcy filings affecting the real property commonly known as 549 Lakeshore Blvd., Incline Village, Nevada 89451, APN 122-090-29, and more particularly described in Exhibit A to this Order (the "Property"). Accordingly,

RECEIVED
December 05, 2019
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0006637553

IT IS HEREBY ORDERED:

1. Hall Mortgage Fund, LP, and its agents, attorneys, successors and assigns, and including without limitation the Trustee under that certain Deed of Trust dated as of November 28, 2016 executed by Debora L. Miller, Successor Trustee of the Joseph J. Miller Living Trust, Dated 10/08/2007 as Borrower in favor of Hall Mortgage Fund, LP as Lender, and recorded October 4, 2017 as Document No. 4751274 in the Office Records of Washoe County, Nevada (the "Deed of Trust"), and any and all successor beneficiaries, servicing agents and trustees, and their agents and employees, are hereby relieved from the automatic stay to enforce the Deed of Trust including without implied limitation foreclosure, and to take possession of the Property if acquired by bid entered at the sale, all in compliance with applicable law.

2. This Order is entered pursuant to 11 U.S.C. §362(d)(4)(B), which provides that "if [this Order is] recorded in compliance with applicable State laws governing notices of interests or liens in real property, [this Order] shall be binding in any other case under this title purporting to affect [the Property] filed not later than 2 years after the date of the entry of [this] Order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording."

Dated: December 06, 2019

Christopher D. Jaime, Judge
United States Bankruptcy Court

ORDER GRANTING IN REM RELIEF FROM AUTOMATIC STAY

PREPARED AND SUBMITTED BY:

KIRBY & McGUINN, A P.C.

By: __/s/ Dean T. Kirby, Jr.__
Dean T. Kirby, Jr.
Attorneys for Creditor
Hall Mortgage Fund, LP

ORDER GRANTING IN REM RELIEF FROM AUTOMATIC STAY

# EXHIBIT "A"
## Legal Description

All that certain real property situate in the City of **Incline Village**, County of **Washoe**, State of **NEVADA**, described as follows:

PARCEL 1:

An undivided one-thirty-second (1/32nd) interest, as tenants in common, in a portion of Lot III of Section 17, Township 16 North, Range 18 East, M.D.B.&M., described as follows:

Commencing at the quarter section corner on the East side of said Section 17; thence South along the Eastern line of said Section 17, a distance of 1072.5 feet to the meander corner of Lake Tahoe; thence along said meander line the four following courses and distances: North 88° West 138.6 feet; South 63° West 369.6 feet; South 78° West 488.4 feet and North 72° West 473.30 feet to the Southwest corner of the parcel conveyed to E.L. King, et al., by Deed recorded in Book 153, Page 182, Deed Records; thence along the West line of said King Parcel, North 489.66 feet, more or less, to the Southern right-of-way line of Nevada State Highway 28 as it now exists; thence South 84°48' West along the last mentioned line, 200.83 feet to the point of beginning; thence South 84°48' West along said Southern line of Nevada State Highway 28, a distance of 500.00 feet; thence South 300 feet, more or less, to Lake Tahoe; thence Easterly along Lake Tahoe to a line drawn South from the true point of beginning; thence North 410 feet, more or less, to the true point of beginning.

EXCLUDING, however, from said real property the air space and all structures and improvements located therein, over and above Parcels 1 through 32, as shown on that certain Licensed Survey filed on June 28, 1964, as File No. 2477, in the Official Records of Washoe County, State of Nevada.

PARCEL 2:

The fee title in and to the air space and all structures and improvements located therein, over and above Parcel 29 as designated on said Licensed Survey, and as more particularly described as follows:

A portion of Lot III of Section 17, Township 16 North, Range 18 East, M.D.B.&M., described as follows:

Exhibit "A"
Legal Description Continued:

Commencing at the quarter section corner on the East side of said Section 17; thence South along the Eastern line of said Section 17, a distance of 1072.5 feet to the meander corner of Lake Tahoe; thence along said meander line the four following courses and distances: North 88° West 139.6 feet; South 63° West 369.6 feet; South 78° West 488.4 feet and North 72° West 473.30 feet to the Southwest corner of the parcel conveyed to E.L. KING, et al., by Deed recorded in Book 153, Page 182, Deed Records; thence along the West line of said King Parcel, North 489.66 feet, more or less, to the Southern right of way line of Nevada State Highway 28 as it now exists; thence South 84°48' West along the last mentioned line 209.89 feet; thence South 136.71 feet; thence North 65°99'27" West 16.83 feet to the true point of beginning of this description; thence North 65°59'27" East 30.00 feet; thence South 24°00'33" West 65.00 feet; thence South 65°53'2" East 30 feet; thence North 24°00'33" East 65.00 to the true point of beginning of this description, this parcel also known as Unit No. 9, Crystal Shores East.

PARCEL 3:

An easement to encroach into the area and estate herein above excluded for such improvements and living areas as are or may be constructed within the air space herein conveyed.

This legal was taken from prior Document No. 3811143.

APN: **122-090-29**

Exhibit A  Page 2 of 2